[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action by a subcontractor, Cluff's, Inc., which provided material and services to the property of the defendant at 560 Montauk Avenue. The defendant's principal defense was that she was excused from the obligation to pay the plaintiff because of good faith payments made to the general contractor. The plaintiff brought this action for quantum meruit and unjust enrichment. The defendant, Strafaci, brought a third party complaint against Trademasters a/k/a Kirk Bryson alleging that any monies owed to Cluff's are owed by Trademasters. There was a claim of defective work, but since no expert testimony was produced, the court must disregard that claim and consider the case strictly on the issue of payments.
The plaintiff, Cluff's, Inc., claimed it did work on the property at the request of Trademasters and in accordance with a contract with Trademasters. The total charges for the work was $5,468.98. Cluff's agrees that it received a deposit of $1,000 from Trademasters, but that there is a balance due of $4,468.98. The plaintiff claims that since the defendant got the benefit of the work, he is entitled to be paid under the theory of either unjust enrichment or quantum meruit.
The court finds that the plaintiff did the work as indicated on its bill and is entitled to be paid for that. However, the defendant claims that since she paid Trademasters and other contractors more than the original contract price of $60,000 in good faith that she does not owe any money to Cluff's.
Trademasters, which was brought in as a third party defendant, claimed that it was not paid in full and that there is still $17,000 owing to it from the defendant. The court finds that there was a $60,000 contract. The court also finds that the defendant in good faith paid a total of $59,350 to Trademasters and two of its subcontractors. She also claims that she made additional payments to other subcontractors who thereafter completed their work and paid them an additional $9,354.83 and to another contractor $3,066.87 for a total of $71,771.70. She claims these payments were made in good faith and were more than the original contract price of CT Page 963 $60,000 with Trademasters.
Case law indicates that the amount that may be recovered by a subcontractor may not be greater than the amount of the price which the owner had agreed to pay to the general contractor for the building being erected or, in this case, improved. This amount may be diminished to the extent that it exceeds "the reasonable costs. of satisfactory completion of the contract plus any damages resulting from . . . default which the general contractor might be held liable to the owner. Rene Dry Wall Co.v. Strawberry Hill Associates, 182 Conn. 568, 572 (1980).
The amount may be further diminished by "bonafide payments . . . made by the owner to the general contractor before receiving notice of any claims by a subcontractor or by a mechanic's lien." Rene Dry Wall Co.,
supra, 572.
These provisions make it clear that a contractor's right to recover on a mechanic's lien is not unlimited despite the contractor's own good faith observance of the statutes. Although in this case, there was no mechanic's lien filed, the court believes that the same rule would apply in that where a general contractor receives progress payments that are not turned over to those who have done the work represented by the progress payments and ultimately defaults, the owner making such payments and completing such a job is protected as long as the owner acts in good faith and reasonably as defined by the statutes. In determining whether the owner has met the statutory requirements of good faith and reasonableness, the trial court is making a finding of fact. Purcell,Inc. v. Libbey, 111 Conn. 132, 139-41 (1930) also Rene Dry Wall Co.,
supra, 573.
In this case, it is clear that the owner of the property, Carol Strafaci, paid as much and even more than the original contract price to the general contractor and others. Although this is not a mechanic's lien case, it seems to the court that the same rule would apply and the owner is entitled to a credit for the reasonable cost of satisfactory completion of the contract plus any damages resulting from such default. The court finds that the defendant's expenditures were reasonable and supported by testimony that the defendant was engaged in arms length transactions with those whose work was required to complete the project, that is, the additional subcontractors that she paid directly after Trademasters left the premises.
Since the defendant did pay more than the original contract price, even though money is still owing to the general contractor, the defendant is protected by its good faith payments from the suit brought by the plaintiff even though it is brought for unjust enrichment and under the CT Page 964 quantum meruit theory. Otherwise she would be paying twice for the same work.
Accordingly, the court must enter judgment for the defendant in the case in chief The action of the defendant against Trademasters for indemnity is, therefore, moot.
D. Michael Hurley, Judge Trial Referee